**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| ROBERT WILHELM,<br><br>           Plaintiff,<br><br>     v.<br><br>AEROJET ROCKETDYNE HOLDINGS, INC., GAIL BAKER, MARION C. BLAKEY, CHARLES F. BOLDEN JR., KEVIN P. CHILTON, THOMAS A. CORCORAN, EILEEN P. DRAKE, DEBORAH LEE JAMES, and LANCE W. LORD,<br><br>           Defendants. | Case No.<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED |

Plaintiff Robert Wilhelm ("Plaintiff"), upon information and belief, including an examination and inquiry conducted by and through his counsel, except as to those allegations pertaining to Plaintiff, which are alleged upon personal belief, alleges the following for his Complaint:

**NATURE OF THE ACTION**

1. Plaintiff brings this action against Aerojet Rocketdyne Holdings, Inc. ("Aerojet Rocketdyne" or the "Company") and its corporate directors for violating Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(a), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14a-9, 17 C.F.R. §240.14a-9 ("Rule 14a-9"), in connection with the proposed acquisition of the Company by.[1]

2. On December 17, 2022, the Company entered into an Agreement and Plan of Merger with L3Harris and Aquila Merger Sub Inc. ("Merger Sub") (the "Merger Agreement").

---

[1] The proposed business combination described herein is referred to as the "Proposed Transaction."

The Merger Agreement provides that L3Harris will acquire Aerojet Rocketdyne for $58.00 in cash for each Aerojet Rocketdyne common share.

3. The Company's corporate directors subsequently authorized the February 13, 2023, filing of the materially incomplete and misleading Schedule 14A Definitive Proxy Statement (the "Proxy Statement") with the SEC. The Proxy Statement, which recommends that Company stockholders vote in favor of the Proposed Transaction, omits or misrepresents material information necessary and essential to that decision. Defendants authorized the issuance of the false and misleading Proxy Statement in violation of Sections 14(a) and 20(a) of the Exchange Act.

4. It is imperative that the material information omitted from the Proxy Statement is disclosed to the Company's stockholders prior to the forthcoming stockholder vote so that they can properly exercise their corporate suffrage rights, among other things.[2]

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Share Issuance and Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(a) and 20(a) of the Exchange Act and SEC Rule 14a-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal

---

[2] The Special Meeting at which stockholders are asked to approve the Share Issuance and Proposed Transaction currently is scheduled for March 16, 2023.

question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all times relevant hereto, the owner of Aerojet Rocketdyne common stock.

10. Defendant Aerojet Rocketdyne is a Delaware corporation with its principal executive offices located at 222 N. Pacific Coast Highway, Suite 500, El Segundo, California 90245. Aerojet Rocketdyne's shares trade on the New York Stock Exchange under the ticker symbol "AJRD." Aerojet Rocketdyne engages in the design, development, manufacture, and sale of aerospace and defense products and systems in the United States. The Company operates in two segments: Aerospace and Defense, and Real Estate. Aerojet Rocketdyne's Aerospace and Defense segment offers aerospace and defense products and systems for the United States government, including the Department of Defense, the National Aeronautics and Space Administration, and aerospace and defense prime contractors. This segment provides liquid and solid rocket propulsion systems, air-breathing hypersonic engines, and electric power and propulsion systems for space, defense, civil, and commercial applications; and armament systems. The Real Estate segment engages in the re-zoning, entitlement, sale, and leasing of the Company's excess real estate assets.

11. Defendant Gail Baker is and has been a director of the Company at all times relevant hereto.

12. Defendant Marion C. Blakey is and has been a director of the Company at all times relevant hereto.

13. Defendant Charles F. Bolden Jr. is and has been a director of the Company at all times relevant hereto.

14. Defendant Kevin P. Chilton is and has been a director of the Company at all times relevant hereto.

15. Defendant Thomas A. Corcoran is and has been a director of the Company and the Chairman of the Board at all times relevant hereto.

16. Defendant Eileen P. Drake is and has been President, Chief Executive Officer and a director of the Company at all times relevant hereto.

17. Defendant Deborah Lee James is and has been a director of the Company at all times relevant hereto.

18. Defendant Lance W. Lord is and has been a director of the Company at all times relevant hereto.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20. On December 18, 2022, L3Harris and Aerojet Rocketdyne jointly announced in relevant part:

MELBOURNE, Fla., and EL SEGUNDO, Calif., Dec. 18, 2022 — L3Harris Technologies (NYSE: LHX) and Aerojet Rocketdyne Holdings, Inc. (NYSE: AJRD) together announced the signing of a definitive agreement for L3Harris to acquire Aerojet Rocketdyne for $58 per share, in an all-cash transaction valued at $4.7 billion, inclusive of net debt.

This marks L3Harris' second acquisition announcement of 2022, demonstrating its continued focus on delivering critical capabilities to warfighters while strengthening the nation's defense industrial base through increased competition.

"We've heard the DoD leadership loud and clear: they want high-quality, innovative and cost-effective solutions to meet both current and emerging threats, and they're relying upon a strong, competitive industrial base to deliver those solutions," said Christopher E. Kubasik, L3Harris CEO and Chair. "With this acquisition, we will use the combined talents of more than 50,000 employees to drive continuous process improvement, enhance business operations and elevate the performance of this crucial national asset."

A proven provider of world-class propulsion systems and energetics to the DoD, NASA and other partners and allies worldwide, Aerojet Rocketdyne has a 100-year heritage of excellence delivering some of the most significant moments in space exploration and discovery, while leading the industry with investments in rocket propulsion that support America's warfighters and enhance integrated deterrence.

The acquisition will ensure the defense industrial base and our customers will have a strengthened merchant supplier to effectively address both current and emerging threats – and promote scientific discovery and innovation – through targeted investment in advanced missile technologies, hypersonics and more.

"This agreement will accelerate innovation for national security propulsion solutions while providing a premium cash value for our shareholders and tremendous benefits for our employees, customers, partners and the communities in which we operate," said Eileen P. Drake, CEO and President of Aerojet Rocketdyne. "Joining L3Harris is a testament to the world-class organization and team we've built and represents a natural next phase of our evolution. As part of L3Harris, we will bring our advanced technologies together with their substantial expertise and resources to accelerate our shared purpose: enabling the defense of our nation and space exploration. This is an exciting new chapter for Aerojet Rocketdyne and our over 5,200 dedicated team members, providing them with additional opportunities, and we look forward to working closely with L3Harris to complete this transaction."

>Aerojet Rocketdyne currently generates approximately $2.3 billion in annual revenue. The company's employees operate primarily out of advanced manufacturing facilities in Canoga Park, California; Camden, Arkansas; West Palm Beach and Orlando, Florida; Huntsville, Alabama; Orange, Virginia; Redmond, Washington; Stennis Space Center, Mississippi; Jonesborough, Tennessee; and Carlstadt, New Jersey.
>
>The cash acquisition will be funded with existing cash and the issuance of new debt. The deal is expected to close in 2023, subject to required regulatory approvals and clearances and other customary closing conditions.

**The Materially Incomplete and Misleading Proxy Statement**

21. The Board caused to be filed the materially incomplete and misleading Proxy Statement with the SEC on February 13, 2023  The Proxy Statement, which recommends that Aerojet Rocketdyne stockholders vote their shares in favor of the Proposed Transaction, fails to disclose material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial forecasts for Aerojet Rocketdyne; (b) the financial analyses that support the fairness opinion provided by the Company's financial advisors, Citigroup Global Markets Inc. ("Citi") and Evercore Group L.L.C. ("Evercore"); and (c) potential conflicts of interest faced by Citi and Evercore.

*Material Misrepresentations and/or Omissions Concerning the Company's Financial Forecasts*

22. The Proxy Statement fails to disclose material information concerning the Company's financial forecasts, including all line items underlying the Company's forecasted EBITDA and Unlevered Free Cash Flow, as well as the Company's Adjusted EBITDA and Adjusted Unlevered Free Cash Flow, as adjusted by Citi and Evercore.

23. The Proxy Statement further fails to disclose the projection metrics, including Gross Revenue, Net Revenue, Gross Margin, Adjusted EBITDA and Capex, for calendar year 2027 for both the "Base Case" and the "Illustrative Growth/M&A Case" projections.[3]

24. The Proxy Statement also fails to disclose all line items underlying Adjusted EBITDA for both the "Base Case" and the "Illustrative Growth/M&A Case" projections.

*Material Misrepresentations and/or Omissions Concerning Citi's and Evercore's Respective Financial Analyses*

25. The Proxy Statement fails to disclose material information concerning the respective financial analyses prepared by Citi and Evercore.

26. With respect to Citi's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (a) the terminal year unlevered after-tax free cash flows used to calculate the Company's terminal values; (b) the terminal values for the Company; and (c) the inputs and assumptions underlying the discount rates ranging from 9.2% to 10.1%.

27. With respect to Citi's *Present Value of Future Share Price Analysis*, the Proxy Statement fails to disclose a quantification of: (a) the Company's net debt for each period ending December 31, 2024, 2025 and 2026; (b) the number of shares of Company common stock outstanding for each period ending December 31, 2024, 2025 and 2026; and (c) the inputs and assumptions underlying the discount rate of 9.9%.

28. With respect to Citi's *Selected Public Companies Analysis* and *Selected Transactions Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies and transactions analyzed by Citi, respectively.

---

[3] *See* Proxy Statement at 40-41 (disclosing certain of the Company's projection metrics for years 2022 through 2026).

29. With respect to Citi's analysis of stock price targets, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

30. With respect to Evercore's *Discounted Cash Flow Analysis*, the Proxy Statement fails to disclose a quantification of: (a) the terminal year estimate of the Company's unlevered after-tax free cash flows used to calculate the Company's terminal values; (b) the terminal values for the Company; and (c) the inputs and assumptions underlying the discount rates ranging from 8.75% to 9.75%.

31. With respect to Evercore's *Selected Public Company Trading Analysis* and *Selected Transactions Analysis*, the Proxy Statement fails to disclose the individual financial metrics for each of the selected companies and transactions analyzed by Evercore, respectively.

32. With respect to Evercore's *Equity Research Analyst Price Targets* analysis, the Proxy Statement fails to disclose: (a) the individual price targets observed; and (b) the sources thereof.

33. With respect to Evercore's *Premiums Paid Analysis*, the Proxy Statement fails to disclose: (a) the identities of the transactions observed; and (b) the individual premiums paid for each transaction.

34. With respect to Evercore's *Illustrative Present Value of Future Share Price* analysis, the Proxy Statement fails to disclose a quantification of: (a) the Company's net debt for each of calendar years 2024, 2025 and 2026; (b) the number of shares of Company common stock outstanding for each of calendar years 2024, 2025 and 2026; and (c) the inputs and assumptions underlying the discount rates ranging from 9.0% to 10.0%.

*Material Misrepresentations and/or Omissions Concerning Citi's and Evercore's Potential Conflicts of Interest*

35. The Proxy Statement fails to disclose material information concerning potential conflicts of interest faced by Citi and Evercore, including the compensation Citi has received for providing financial advisory services to the Company in the two-year period prior to rendering its fairness opinion, including, but not limited to the compensation Citi received for services provided in connection with the terminated merger of Aerojet Rocketdyne with affiliates of Lockheed Martin Corporation, as well as the details of any additional services provided.[4]

36. Similarly, the Proxy Statement fails to disclose the amount of compensation Evercore has received for providing financial advisory services to the Company in the two-year period prior to rendering its fairness opinion, as well as the details of the services provided.[5]

37. The omission of the above-referenced information renders statements in the "Certain Aerojet Rocketdyne Unaudited Prospective Financial Information," "Opinion of Citigroup Global Markets Inc." and "Opinion of Evercore Group L.L.C." sections of the Proxy Statement materially incomplete and misleading in contravention of the Exchange Act.

38. Absent disclosure of the foregoing material information prior to the stockholder vote, Plaintiff and the other stockholders of the Company will be unable to make a sufficiently informed decision in connection with the Proposed Transaction and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

---

[4] *See* Proxy Statement at 46.

[5] *See id.* at 54.

## CLAIMS FOR RELIEF

### COUNT I

**Claims for Violation of Section 14(a) of the Exchange Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Aerojet Rocketdyne**

39. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

40. The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially misleading, in violation of Section 14(a) of the Exchange Act and Rule 14a-9. Aerojet Rocketdyne is liable as the issuer of these statements.

41. The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants. By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

42. The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

43. The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction. In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

44. The Proxy Statement is an essential link in causing Plaintiff and the Company's stockholders to approve the Proposed Transaction.

10

45. By reason of the foregoing, defendants violated Section 14(a) of the Exchange Act and Rule 14a-9 promulgated thereunder.

46. Because of the false and misleading statements in the Proxy Statement, Plaintiff is threatened with irreparable harm.

## COUNT II

### Claims for Violation of Section 20(a) of the Exchange Act
### Against the Individual Defendants

47. Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

48. The Individual Defendants acted as controlling persons of Aerojet Rocketdyne within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Aerojet Rocketdyne and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that Plaintiff contends are false and misleading.

49. Each of the Individual Defendants was provided with or had unlimited access to copies of the Proxy Statement alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

50. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations

as alleged herein, and exercised the same. The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction. They were thus directly involved in the making of the Proxy Statement.

51. By virtue of the foregoing, the Individual Defendants violated Section 20(a) of the Exchange Act.

52. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the Exchange Act and Rule 14a-9, by their acts and omissions as alleged herein. By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Plaintiff is threatened with irreparable harm.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of the Company, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction and any vote on the Proposed Transaction, unless and until defendants disclose and disseminate the material information identified above to Company stockholders;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Declaring that defendants violated Sections 14(a) and/or 20(a) of the Exchange Act;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated: March 7, 2023

**LONG LAW, LLC**

By: */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@LongLawDE.com

*Attorneys for Plaintiff*